*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JUAN LUIS SOLIS-REYNA,

Defendant-Appellant.

UNPUBLISHED
June 09, 2026
9:30 AM

No. 368043
Van Buren Circuit Court
LC No. 2022-024165-FC

Before: WALLACE, P.J., and LETICA and FEENEY, JJ.

LETICA, J. (*concurring in part; dissenting in part*).

I concur in the majority's resolution of the jury instruction and the sentencing issues. In my view, however, defendant's possession of the weapon shortly before the victim's shooting was admissible without reference to MRE 404(b). See *People v Hall*, 433 Mich 573, 580-581; 447 NW2d 580 (1989) ("Evidence of a defendant's possession of a weapon of the kind used in the offense with which he is charged is routinely determined by courts to be direct, relevant evidence of his commission of that offense."). Likewise, evidence that defendant discharged the gun in his yard and into Dimas Alonzo's tire shortly before the murder was properly admitted. See *People v Jackson*, 498 Mich 246, 262-263; 869 NW2d 253 (2015); *People v Spaulding*, 332 Mich App 638, 650; 957 NW2d 843 (2020) (quotation marks and citations omitted) ("Other-acts evidence may be admissible without regard to MRE 404(b) if the other acts are so intertwined with the charged offense that they directly prove the charged offense or their presentation is necessary to comprehend the context of the charged offense. Such evidence is also admissible to fill what would otherwise be a chronological and conceptual void regarding the events to the finder of fact."). In this case, the evidence that defendant obtained the firearm and discharged it was properly admitted because the drinking and socializing ended when Dimas and his friend Roy drove off and Jose Cruz Armijo walked down the road before being picked up by Porfirio Solis and the others who were in Abraham Solis's van. *Id.* Regardless, I agree with the majority that even if this evidence and the evidence pertaining to the earlier knife incident with Dimas were erroneously admitted under MRE 404(b), defendant is not entitled to relief under the plain error standard. See *People v Butsinas*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 364778); slip op at 12 (quotation marks, citations, and brackets omitted). Likewise, I agree

-1-

that, to the extent defendant established that his trial counsel performed deficiently,[1] defendant's ineffective assistance of counsel claim fails because he has not established that he was prejudiced considering the overwhelming evidence presented against him.


/s/ Anica Letica

---

[1] Unlike the majority, I conclude that defendant failed to establish that his counsel performed deficiently when he did not object to the admission of testimony related to defendant's firing of the gun shortly before he used it to shoot Armijo. See *People v Wang*, 505 Mich 239, 253 n 22; 952 NW2d 334 (2020) (quotation marks and citation omitted) ("Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel.")